IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICARDO S. GIRON, an individual,

    Plaintiff,

v.                                                     No. 07-CV-00110

ROSEMARY G. ABASCAL, an individual,
involved in schemes violating federal laws
providing that fraud and extortion are criminal
offenses, and Shawn Adams, ING Commissions
Coordinator, Andrea Nelson, Staff Attorney for
ING, John Barmeyer, Chief Legal Officer for ING,
and Thomas McInerney, Chief Executive Officer
for ING, predicate actors,

    Defendants.

## ING DEFENDANTS' MOTION TO DISMISS

Defendants Shawn Adams, Andrea Nelson, John Barmeyer, and Thomas McInerney (collectively, "ING Defendants"), by and through their attorneys, Holland & Hart LLP, move this Court pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss plaintiff's complaint on grounds that it fails to state an actionable claim against them.

### Introduction and Summary of Argument

On the face of his complaint, plaintiff seeks redress from the ING Defendants based on allegations that they complied with a notice of levy issued by the Internal Revenue Service ("IRS") to collect back taxes. *See* Complaint at 11. By complying with the IRS's notice of levy, plaintiff argues that the ING Defendants participated "in a collusion and conspiracy to deprive [him] of property and money." *Id.*

Accepting as true plaintiff's factual allegations that the ING Defendants complied with the IRS's notice of levy, as a matter of law, it follows that he cannot state an actionable claim against these defendants. Under 26 U.S.C. § 6332(e), third party actors like the ING Defendants

are discharged from any obligation or liability to a purported delinquent taxpayer for complying with an IRS tax levy.

Plaintiff's invocation of our nation's federal criminal laws in his complaint against the ING Defendants does nothing to change this result. Plaintiff lacks the power and authority to prosecute the federal criminal laws and therefore has no private remedy under those laws. But, even if he had the requisite power or authority, he still is not entitled to any redress against the ING Defendants. It is black-letter law that a party's perfectly legal conduct cannot be transformed into an illegal collusion or conspiracy under the federal criminal laws.

### Legal Standards

A motion to dismiss tests the legal sufficiency of the complaint. *See **Tal v. Hogan***, 453 F.3d 1244, 1252 (10th Cir. 2006). Such a motion may be used to attack a complaint for failing to state an actionable claim. *See* Fed.R.Civ.P. 12(b)(6). A motion to dismiss must be granted "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief." ***Dubbs v. Head Start, Inc.***, 336 F.3d 1194, 1201 (10th Cir. 2003).

In adjudicating a motion to dismiss, the Court must accept as true the complaint's well-pleaded allegations and construe them in the light most favorable to the plaintiff. *See **Yanaki v. Iomed, Inc.***, 415 F.3d 1204, 1205 (10th Cir. 2005). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." ***Kikumura v. Osagie***, 461 F.3d 1269, 1291-92 (10th Cir. 2006).

### ARGUMENT

**A.     The ING Defendants Are Immune From Liability Under 26 U.S.C. § 6332(e).**

Plaintiff, a former independent sales agent of an ING affiliated company, alleges that Defendant, Rosemary G. Abascal, issued a "false document identified as a '***Notice of Levy***' and

2

sent it through the United States Mail Service with the intention that ***ING*** and Ricardo S. Giron ***rely on the false document to the detriment of losing money and property***." Complaint at 11 (emphasis added). According to plaintiff, by "executing [sic] to this uttered document against [him], ***ING through its staff and officers have acceded to the extortionate and fraudulent actions of [Abascal] in their entirety***, predicate acts 1-4 described above, ***thereby participating in a collusion and conspiracy to deprive [him] of property and money***." *Id.* (emphasis added). From the face of his complaint, plaintiff thus seeks redress from the ING Defendants based on allegations that they complied with a notice of levy issued by the IRS to collect back taxes.

Accepting as true plaintiff's factual allegations that the ING Defendants complied with the IRS's notice of levy, plaintiff cannot state an actionable claim against these defendants because 26 U.S.C. § 6332(e) immunizes them from liability. Section 6332(e) provides that a third party who honors a tax levy is "discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment." The Tenth Circuit has construed Section 6332(e) as immunizing third parties like the ING Defendants from liability to a purported delinquent taxpayer like plaintiff for complying with an IRS tax levy. ***See Kane v. Capital Guardian Trust Co.***, 145 F.3d 1218, 1224 (10th Cir. 1998) (concluding that 26 U.S.C. § 6332(e) provides third parties who honor IRS tax levies with a "***complete defense***") (emphasis added); ***see also Allstate Fin. Corp. v. United States***, 860 F. Supp. 653, 656 (D. Minn. 1994) ("A third party who honors a tax levy and surrenders the property levied upon has ***no liability arising from its compliance with the levy***.") (emphasis added). In fact, third parties ***must*** comply with tax levies or risk being held personally liable to the government and subject to penalties. ***See Allstate***, 860 F. Supp. at 656.

The situation in this case is much like that in ***Burroughs v. Wallingford***, 780 F.2d 502 (5th Cir. 1986). There, two company employees received tax levies ordering a portion of two

3

other employees' wages to be withheld and paid to the IRS in satisfaction of their purported tax indebtedness. *See id.* at 503. The recipient employees complied with the levies, and the employees whose wages were being withheld sued. *See id.* The court dismissed the plaintiffs' claims, holding that the employees who complied with the levy were immune from liability. *See id.* In so holding, the court noted that any issues raised by the plaintiffs should have been "considered in a suit against the IRS and not against [employees]." *Id.* In light of this authority, plaintiff's complaint against the ING Defendants must be dismissed for failure to state a claim because they did nothing more than comply with the IRS's notice of levy — conduct which is statutorily protected under Section 6332(e)'s immunity clause.

### B. Plaintiff Has No Right To Prosecute The Federal Criminal Laws, And He Has No Civil Remedy Against The ING Defendants In Any Case.

In an attempt to avoid Section 6332(e), plaintiff cites various federal criminal statutes,[1] asserting that "[a]s a result of the racketeering practices of [defendants], I have lost money, property and my business enterprises have been interfered with." Complaint at 13. Assuming *arguendo* he could avoid Section 6332(e) by invoking federal criminal laws (he cannot), plaintiff cites no authority which would support implying a cause of action for violation of these laws.[2]

Plaintiff's failure to invoke any authority supporting his claim for relief against private third-party actors like the ING Defendants is not surprising. Private citizens lack the authority

---

[1] The federal criminal statutes under which plaintiff seeks damages include 18 U.S.C. §§ 3 (Accessory after the fact), 4 (Misprision of felony), 225 (Continuing financial crimes enterprise), 241 (Conspiracy against rights), 242 (Deprivation of rights under color of law), 872 (Extortion by officers or employees of the U.S.), 876 (Mailing threatening communications), 880 (Receiving proceeds of extortion), 1018 (Official certificates), 1341 (Mail Fraud), 1581 (Peonage; obstructing enforcement), 1583 (Enticement into slavery), 1589 (Forced labor), 1957 (Engaging in monetary transactions in property derived from unlawful activity), 1961 (RICO), and 1962 (Prohibited Activities).

[2] To the contrary, there is precedent mandating that *no* civil remedy exists for most of the statutes plaintiff invokes. *See Barr v. Camelot Forest Conservation Ass'n, Inc.*, 153 Fed.App. 860 (3d Cir. 2005) (dismissing plaintiff's claims under §§ 241 and 242 because they "are criminal offenses for which there is no civil remedy"); *DIRECTV, Inc. v. Cavanaugh*, 321 F.Supp.2d 825 (E.D. Mich. 2003) (ruling that § 876 was a criminal statute and did not authorize a civil remedy); *Bell v. Health-Mor, Inc.*, 549 F.2d 342 (5th Cir. 1975) (holding there is no private right of action under the mail fraud statutes). Further, the only sections for which there is an express civil remedy — §§ 1589 (slavery) and 1962 (RICO) — are clearly inapplicable. *See* 18 U.S.C. §§ 1589, 1595, 1962, 1964.

4

and the power to enforce our nation's federal criminal laws. *See Higgins v. Neal*, 1995 U.S.App.LEXIS 8238, *4-5 (10th Cir. Apr. 12, 1995) (ruling that "courts universally endorse the principal that private citizens cannot prosecute criminal actions"). As a general rule, it follows that a criminal statute that does not expressly purport to establish a civil liability, but merely provides rights and remedies to secure the health and safety of the general public, is not subject to a construction establishing a private cause of action. *See Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984) ("[A] plaintiff cannot recover civil damages for an alleged violation of a criminal statute."). Additionally, although in certain cases a private remedy may be implied in federal criminal statutes, such is not the case in the statutes plaintiff invokes. *See Cort v. Ash*, 422 U.S. 66 (1975).

In *Cort v. Ash*, the United States Supreme Court held that in determining if a private remedy for violation of a criminal statute could be implied, courts should consider whether the plaintiff is one of a class for whose "especial benefit" the statute was created and if there was any legislative intent to create a private remedy. *See id.* at 78. When a statute is created for the benefit of the public at large, no special class is created. *See California v. Sierra Club*, 451 U.S. 287, 293-93 (1981). Further, in the absence of clear language evincing legislative intent to create a private action for alleged violations of a criminal statute, no such action exists. *See Odell v. Humble Oil & Ref. Co.*, 201 F.2d 123, 127 (10th Cir. 1953).

In this case, there is nothing to indicate that plaintiff is a member of a special class or that he is intended to benefit from any of the federal criminal statutes he cites more than, or differently from, any other citizen of the United States. Also, except for plaintiff's reliance on the RICO statute and anti-slavery statute (which offer plaintiff no relief, as explained below), there is no indication Congress intended for there to be private remedy under the federal criminal statutes cited in his complaint. Accordingly, while the RICO statute and anti-slavery statute may

provide a civil remedy in the appropriate context, it is clear that plaintiff cannot recover civil damages under any of the other criminal statutes he relies on in his complaint.

With respect to plaintiff's invocation of the RICO and anti-slavery statutes, it is black-letter law that a party's legal conduct — here, the ING Defendants' compliance with the IRS's tax levy — cannot be transformed into an illegal collusion or conspiracy. *See Perino v. Mercury Finance Co. of Illinois*, 912 F.Supp. 313, 316 (N.D.Ill. 1995) (dismissing the plaintiff's RICO claims because he "alleged only legal acts" by the defendant). Accordingly, plaintiff cannot state an actionable claim against the ING Defendants for conspiring with the IRS to deprive him of property in violation of those statutes, because the factual allegations he asserts in support are limited to conduct that is perfectly legal and, in fact, statutorily protected under Section 6332(e)'s immunity clause.

## CONCLUSION

For all the reasons stated, the ING Defendants request that the Court dismiss plaintiff's complaint against them with prejudice, that it award their attorney fees and costs for having to respond to plaintiff's frivolous complaint, and that it award them any further relief deemed just and proper under the premises.

Respectfully,

**HOLLAND & HART LLP**

By: *Electronically filed by LJMontano 02/06/07*
  Bradford C. Berge
  Larry J. Montaño
Post Office Box 2208
Santa Fe, New Mexico  87504-2208
TEL:  (505) 988.4421
FAX:  (505) 983-6043

**ATTORNEYS FOR ING DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that on February 6, 2007 I served a copy of the foregoing document to the following by

☒   U.S. Mail, postage prepaid
☐   Hand Delivery
☐   Fax

Ricardo S. Giron
41 Mirasol Road, Box 12
Las Vegas, New Mexico 87701

**PLAINTIFF, APPEARING PRO SE**

Louise P. Hytken
Department of Justice, Tax Division
717 N. Harwood Street, Suite 400
Dallas, Texas 75201
TEL:   (214) 880-9725
FAX:   (214) 880-9741

**ATTORNEYS FOR ROSEMARY G. ABASCAL**
**UNITED STATES OF AMERICA**

　　　　　　　　　　　　　　　　　　　　　*Electronically filed by LJMontano 02/06/07*
　　　　　　　　　　　　　　　　　　　　Bradford C. Berge
　　　　　　　　　　　　　　　　　　　　Larry J. Montaño

3665046_2.DOC